J-S18026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FELIX TOMAS CRUZ-CARRION | : | |
| | : | |
| Appellant | : | No. 1776 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 23, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000802-2023

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                          **FILED: AUGUST 10, 2026**

Felix Tomas Cruz-Carrion ("Cruz-Carrion") appeals from the judgment of sentence entered by the Lebanon County Court of Common Pleas ("trial court") after a jury convicted him of rape of an unconscious victim, involuntary deviate sexual intercourse with an unconscious person, sexual assault, and indecent assault of an unconscious person.[1]  On appeal, Cruz-Carrion challenges the trial court's denial of his motion seeking to dismiss all charges pursuant to Pennsylvania Rule of Criminal Procedure 600.[2]  Because we find the sole issue Cruz-Carrion raises on appeal waived, we affirm.

_____

[1]  18 Pa.C.S. §§ 3121(a)(3), 3123(a)(3), 3124.1, 3126(a)(4).

[2]  Rule 600 states that generally, "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."  Pa.R.Crim.P. 600(A)(2)(a).

In January 2013, the victim reported to police that Cruz-Carrion had raped her while she was unconscious after a night of partying with him and some of her coworkers. Police interviewed Cruz-Carrion about the incident in February 2013 and in October 2013, obtained a search warrant to compel Cruz-Carrion to submit to DNA testing. In February 2014, unbeknownst to the police, Cruz-Carrion absconded to Puerto Rico. Cruz-Carrion did not advise anyone in Pennsylvania that he had left the jurisdiction, let alone that he was in Puerto Rico.

On March 13, 2014, Cruz-Carrion was charged with the above-referenced sex offenses. On May 31, 2014, a warrant was issued for Cruz-Carrion's arrest, and because police could not determine his whereabouts, he was declared a fugitive.

Cruz-Carrion spent most of the next nine years in prison for crimes he committed in Puerto Rico. In 2015, he was incarcerated there for purchasing a stolen vehicle. On May 7, 2016, Cruz-Carrion was arrested for drug offenses and again on June 9, 2016, by the FBI, also for drug offenses. He remained in pretrial detention in Puerto Rico for his various drug charges for nearly seven years. On June 24, 2022, Cruz-Carrion pled guilty to the federal drug charges, and on December 13, 2022, the federal court sentenced him to ninety-seven months in prison.

In April or May 2023, Cruz-Carrion was released from federal prison. Shortly thereafter, however, he was taken into custody on the warrant for his

arrest from Lebanon County and then extradited to Pennsylvania to stand trial. The trial court appointed the Lebanon County Office of the Public Defender to represent him. On December 17, 2023, the day before trial, Cruz-Carrion filed a motion to dismiss pursuant to Rule 600. Cruz-Carrion alleged that it was "unclear what steps" police took from the time of the issuance of the warrant for his arrest until his release from federal prison in 2023, and that the time the Commonwealth had to bring Cruz-Carrion to trial expired on March 13, 2015. Motion to Dismiss, 12/17/2023, ¶¶ 9, 13. The trial court denied the motion. Following trial, the jury convicted Cruz-Carrion of all charges.

The trial court set forth the remaining procedural history of the case as follows:

> After trial, [Cruz-Carrion] blurted out in open court that he had been incarcerated for the entire period of time between the date of his Pennsylvania charges and the date of his return to Pennsylvania. [The court] immediately recognized that this statement, if true, would implicate Rule 600. Because [Cruz-Carrion]'s public defender could and should have learned this information long before one day prior to trial, [the court] discharged him from any further responsibility to represent [Cruz-Carrion. The court] appointed a partner in a local law firm, Michael Bechtold, Esquire, to represent [Cruz-Carrion] regarding post-trial proceedings.
>
> On January 17, 2024, Attorney Bechtold filed a motion for reconsideration of the motion to dismiss pursuant to Pa.R.Crim.P. 600. Even though it is unusual for a court to entertain a Rule 600 issue after trial and prior to sentencing, [the court] concluded in the interest of fairness that [Cruz-Carrion] needed a hearing sooner rather than later. A hearing on [Cruz-Carrion]'s Rule 600 issue was commenced on February 8, 2024. Both [Cruz-Carrion] and Chief County Detective Jonathan Hess provided testimony. That testimony revealed that [Cruz-Carrion] had in fact been incarcerated in Puerto Rico between 2016 and 2023. The

- 3 -

testimony also revealed that Lebanon County detectives did undertake action to locate [Cruz-Carrion]. Because additional information was required, [the court] scheduled another hearing for May 3, 2024. At the second hearing, a former employee of the district attorney's office testified about [the actions] she undertook in an effort to locate [Cruz-Carrion] between 2014 and 2016. In addition, Minerva Ramos-Gueverra testified via video-conference from Puerto Rico about [Cruz-Carrion]'s incarceration between May 7, 2016 and April 27, 2023. Ms. Ramos-Gueverra testified that pre[]trial detainees in Puerto Rico are held in state prisons, even when they face federal charges. …

Following [the] conclusion of testimony at the Rule 600 hearings, [the court] asked both parties to file legal briefs. Shortly after Attorney Bechtold filed a brief on behalf of [Cruz-Carrion, he] sought to discharge Attorney Bechtold from any further responsibility to represent him. We conducted a **_Grazier_**[3] hearing on July 11, 2024 to ensure that [Cruz-Carrion] was aware of the perils of self-representation. At this hearing, [the court] carefully and strongly advised [Cruz-Carrion] that he should not represent himself. Nevertheless, [Cruz-Carrion] chose to represent himself. …

Trial Court Opinion, 9/24/2024, at 4-6 (cleaned up).

On September 24, 2024, the trial court denied Cruz-Carrion's motion for reconsideration. On October 23, 2024, the trial court sentenced Cruz-Carrion to an aggregate term of eight to sixteen years in prison. Cruz-Carrion timely appealed pro se to this Court. On December 5, 2024, the trial court ordered Cruz-Carrion to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). To date, Cruz-Carrion has not filed a Rule 1925(b) statement.

---

[3] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998).

On appeal, Cruz-Carrion argues that the trial court erred in denying his Rule 600 motion.[4]  **See** Cruz-Carrion's Brief at 8.  The trial court, however, did not issue a substantive opinion further addressing the claim based upon Cruz-Carrion's failure to raise this issue in a Rule 1925(b) statement despite the trial court having ordered him to do so.  **See** Trial Court Order, 12/6/2025, ¶ H.

Where a court orders an appellant to file a Rule 1925(b) statement, the appellant must file a statement that concisely identifies each error the appellant intends to assert in the timeframe ordered by the court.  Pa.R.A.P. 1925(b)(1), (4)(ii).  Compliance with the requirements of Rule 1925(b) is mandatory.  **See Commonwealth v. Parrish**, 224 A.3d 682, 692 (Pa. 2020).  "Any issues not raised in a [Rule] 1925(b) statement will be deemed waived."  **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

_____

[4]  We note that on April 30, 2025, after Cruz-Carrion's appeal was transmitted to this Court, he filed a request for appointed counsel stating that he no longer wished to represent himself.  **See** Application for Relief, 4/30/2025.  On July 9, 2025, we remanded the record to the trial court to determine if Cruz-Carrion was eligible for appointed counsel, and if so, to appoint counsel to represent him on appeal.  **See** Order, 7/9/2025.  Following a brief remand, the trial court determined Cruz-Carrion was eligible and appointed counsel to represent him for this appeal.  **See** Trial Court Order, 8/26/2025.  Cruz-Carrion's appellate counsel subsequently filed an appellate brief on his behalf.  Counsel did not, however, seek permission to file a Rule 1925(b) statement nunc pro tunc.

The record reflects that the trial court served Cruz-Carrion with the Rule 1925(b) order by first class mail and the order recited all required information, including that the failure to include all issues to be raised on appeal will result in waiver. *See* Docket Entry 83/1, 12/5/2024; *see also* Order to File Concise Statement, 12/5/2024. The trial court even took the extra step of appending the text of Rule 1925(b) to its order. *See* Order to File Concise Statement, 12/5/2024.

We emphasize that Cruz-Carrion chose to proceed pro se before the trial court, including during the time in which he was ordered to file a Rule 1925(b) statement; "although this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018) (quotation marks and citation omitted).

As Cruz-Carrion has failed to file a Rule 1925(b) statement, he has failed to preserve any issues for review. Accordingly, he is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/10/2026